UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00187-MRA-PVC | Date | April 27, 2026 |
|---|---|---|---|
| Title | *Northeast Securities Co., Ltd. v. Kieu Hoang et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Priscilla Deason for Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING MOTION TO INTERVENE [25]**

Plaintiff Northeast Securities Co., Ltd. ("Plaintiff") brought this action against Defendants Kieu Hoang, individually and as Trustee of The Kieu Hoang Revocable Trust ("Hoang"), Binh Hoang ("Binh"), Nicole Hoang ("Nicole"), Donald M. Stone ("Stone"), RAAS Nutritionals LLC ("Nutritionals"), and Hoang Westlake LLC ("HW LLC") (collectively, "Defendants") on January 8, 2026.  ECF 1.  Plaintiff filed an amended complaint on March 3, 2026, adding Hummingbird Nest LLC ("HN LLC") as a defendant.  ECF 17.  Plaintiff's Complaint generally alleges that Plaintiff is a creditor of Hoang, and that Hoang devised and constructed shell entities to protect his personal wealth from creditors such as Plaintiff.  *Id.* ¶¶ 1–2.  Plaintiff's Complaint asserts claims for declaratory relief, fraudulent conveyance, constructive fraudulent conveyance, conspiracy to commit fraudulent transfer, and tortious interference with economic benefit.  *See generally id.*

On March 13, 2026, third-party California Bank of Commerce ("CBOC") moved to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or in the alternative, for permissive intervention under Rule 24(b)(1)(B).  In its Motion, CBOC claims it holds first and second priority deeds of trust encumbering certain real property ("Hummingbird Ranch"), which secure repayment of an almost $20 million loan issued to Nutritionals and HN LLC.  ECF 25.  CBOC argues that Plaintiff improperly recorded a lis penden on the Hummingbird Ranch because this action is a collection action seeking monetary damages, not one that affects title to or possession of the Hummingbird Ranch.  *Id.* at 6.  CBOC argues that it must intervene in this action to protect its collateral, move to expunge, and pursue claims for slander of title and cancellation of instrument.  *Id.*  It also seeks intervention so that it may judicially foreclose on its deeds of trust, pursue breach of guaranty claims against Hoang, and appoint a receiver over the Hummingbird Ranch.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-00187-MRA-PVC | Date | April 27, 2026 |
|---|---|---|---|
| Title | *Northeast Securities Co., Ltd. v. Kieu Hoang et al.* | | |

CBOC's Motion to Intervene was noticed for hearing on May 12, 2026. Local Rule 7-9 requires a party opposing a motion to file an opposition or a written statement of non-opposition not later than twenty-one (21) days before the date designated for the hearing of the motion. Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." Thus, Plaintiffs and Defendants were required to file oppositions, if any, by April 21, 2026. No oppositions were filed.

On April 23, 2026, the parties filed a Notice of Settlement indicating that Plaintiff has reached a settlement with Hoang, the Kieu Hoang Revocable Trust, HN LLC, and Nutritionals (the "Settling Parties"). ECF 45. The parties requested a 60-day stay of all pending deadlines in this action as to the Settling Parties but noted that the schedule would otherwise remain in place as to Plaintiff and the remaining Defendants. *Id.*

The parties are hereby **ORDERED** to show cause in writing no later than May 4, 2026, in a brief not to exceed seven (7) pages, why the Motion to Intervene [25] should not be granted for failure to timely oppose. The parties may address, if appropriate, whether the Notice of Settlement renders the Motion moot.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk        Pd/mku